# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-806-D |
| ) | |
| ROSA GARCIA, individually and d/b/a ) | |
| BOTTOMS UP MEXICAN GRILL, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is the Motion for Default Judgment and Brief in Support [Doc. Nos. 13-14] of Plaintiff, J&J Sports Productions, Inc. (Plaintiff). Plaintiff seeks entry of default judgment against Defendant Rosa Garcia, individually and d/b/a Bottoms Up Mexican Grill (Defendant) awarding damages, attorneys' fees and costs following the Clerk's Entry of Default [Doc. No. 12] on March 2, 2015.

## **Background**

Plaintiff brings claims against Defendant pursuant to the Communications Act of 1934, 47 U.S.C. § 605, *et seq.* and the Cable and Television Consumer Protection Act of 1992, 47 U.S.C. § 553, *et seq. See* Complaint [Doc. No. 1]. Plaintiff alleges that it held exclusive nationwide television distribution rights to the program *Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight* telecast on May 7, 2011 (Program) and that Defendant unlawfully intercepted, published and exhibited the Program.

The Court docket reflects that Defendant was timely served. *See* Return of Service [Doc. No. 6]. The time for Defendant to answer or otherwise respond has expired. Defendant has not

entered an appearance in this case or otherwise requested an extension of time, or filed any pleading or motion.

Plaintiff filed its Motion for Default Judgment and Brief in Support on March 19, 2015 and the motion reflects that it was mailed to Defendant at her last known address. No response to the Motion for Default Judgment has been filed.

## Discussion

Plaintiff is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b). Defendant, by not answering or otherwise responding, has admitted the well-pleaded factual allegations of the complaint. *See Burlington Northern R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996), *citing* Fed. R. Civ. P. 8(d) (now Fed. R. Civ. P. 8(b)(6)). Defendant, therefore, has admitted a violation of 47 U.S.C. § 605 as alleged in Count I of the Complaint, resulting from the unlawful interception and exhibition of a Program licensed for distribution by Plaintiff.[1]

The Complaint and the evidence submitted in support of Plaintiff's motion establish that on or about May 7, 2011, Defendant exhibited the Program on two televisions to approximately 24-26 people in a commercial establishment. In addition, the Program was encrypted and, therefore, Defendant's interception and exhibition of the Program was wilful. Based on this evidence, the Court finds Defendant committed a single violation of 47 U.S.C. § 605. *See Gutierrez*, 544

---

[1] As stated, Plaintiff also brought claims for violations of 47 U.S.C. § 553 *et seq.,* as alleged in Count II of the Complaint. However, Plaintiff directs its motion for default judgment only to violations of 47 U.S.C. § 605 and expressly states that it does not seek damages under both statutes. *See* Motion at p. 13, n. 5. While Plaintiff does not provide reasons for not seeking damages under both statutes, district courts within the Tenth Circuit have found it would be an improper award of duplicative damages to allow recovery under both statutes. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F.Supp.2d 1179, 1184 (D. Colo. 2008).

F.Supp.2d at 1184. ("[M]ost cases applying the statute in a commercial context have interpreted the showing of an event on a single night as one violation.") (citations omitted).

I. **Statutory Damages**

Plaintiff elects to recover damages as provided under 47 U.S.C. § 605(e)(3)(C)(i)(II) which permits an award of statutory damages for each violation of § 605(a) "in a sum of not less than $1,000 or more than $10,000, as the court considers just." The Court has considered the affidavits and other evidence offered in support of Plaintiff's motion and finds an award of statutory damages is proper. Plaintiff requests that the Court award a "flat-sum" statutory award in the maximum amount permitted under the statute of $10,000.00.

The evidence shows that if Defendant had paid the required commercial sub-license fee to Plaintiff, that fee would have been $6,200.00. *See* Affidavit of Joseph M. Gagliardi [Doc. No. 14-1], ¶ 8. The evidence further shows that approximately 24-26 persons were present in the establishment during the broadcast and that the establishment has the capacity for approximately 115 people. *See* Affidavit of Nicole Decker [Doc. No. 14-2]. No cover fee was charged. *Id*.

The Court finds Defendant has shown a proper statutory award of damages is $10,000, the maximum amount allowed. This amount is sufficient to compensate Plaintiff for the cost of the commercial sub-license fee and to disgorge Defendant of any financial benefits to Defendant resulting from the unlawful broadcast. This award is proportionally similar to other statutory damages awarded to Plaintiff for the same violations based upon facts akin to those presented here. *Compare J&J Sports Productions, Inc. v. Bautista*, No. 13-CV-719-JED, 2015 WL 729681 at *3 (N.D. Okla. Feb. 19, 2015) (unpublished op.) (and cases cited therein); *J&J Sports Productions, Inc. v. Ramirez*, No. 14-CV-38-GFK, 2014 WL 2998559 at * 2 (N.D. Okla. July 2, 2014) (unpublished

op.); *J&J Sports Productions, Inc. v. Perez*, No. CIV-11-1010-R, 2012 WL 3112421 at * 2 (W.D. Okla. July 31, 2012) (unpublished op.).

**II.     Enhanced Damages**

As set forth, the Defendant's conduct was willful and, therefore, Plaintiff is entitled to enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests an enhancement award of $100,000.00 – the maximum amount allowed under the statute.

The record contains no evidence that Defendant has engaged in similar conduct or unlawfully shown Plaintiff's programs on prior occasions. Additionally, there is no evidence that Defendant derived a significant profit. On the record presented, the Court finds an award of enhanced damages in the amount of $10,000.00 is proper to sufficiently punish Defendant for the illegal conduct and deter future violations. *See Bautista, Ramirez* and *Perez*, *supra*, (awarding enhanced damages on similar grounds).

**III.    Attorneys' Fees and Costs**

Based on the foregoing, Plaintiff is a prevailing party under 47 U.S.C. § 605 and is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's counsel has submitted declarations setting forth a description of the work performed, the hourly rates charged and the costs incurred. *See* Declarations [Doc. Nos. 14-4 and 14-5]. The Court finds these amounts reasonable and awards attorneys' fees in the amount of $3,420.00 and costs in the amount of $517.80.

**IV.     Conclusion**

In sum, Plaintiff is entitled to default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). Plaintiff is awarded statutory and enhanced damages for Defendant's violation of 47

4

U.S.C. § 6 05.  Plaintiff, as a prevailing party, is also entitled to the recovery of attorneys' fees and costs.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Doc. Nos. 13-14] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is awarded:

(1) statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2) enhanced statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

(3) attorneys' fees in the amount of $3,420.00 and costs in the amount of $517.80 pursuant to 42 U.S.C. § 605(e)(3)(B)(iii).

A separate judgment will issue.

IT IS SO ORDERED this  16th  day of April, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE